**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ALICIA STREET, RONALD HARRIS, | ) | |
| FUDAIL MCCAIN, ASHLEY THEIS, and | ) | |
| NICOLE WARRINGTON, on behalf of | ) | |
| Themselves and a class of similarly | ) | |
| situated persons, | ) | |
| | ) | Cause No. 4:19-cv-02590 |
| Plaintiffs, | ) | |
| | ) | Jury Trial Demanded |
| v. | ) | |
| | ) | |
| LT. COL. LAWRENCE O'TOOLE, et.al., | ) | |
| | ) | |
| Defendants. | ) | |

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement (the "Settlement Agreement") dated as is entered into, in consideration of good and valuable consideration and subject to final Court approval, by and between Alicia Street, Ronald Harris, Fudail McCain, Ashley Theis, and Nicole Warrington, (the "Class Representatives" or "Plaintiffs''), on behalf of themselves and the Class Members as defined herein, with the assistance and approval of Class Counsel, on the one hand, and the City of St. Louis, ("the City" or "Defendant") (both sides are collectively referred to hereinafter as "Settling Parties"), with the assistance of its counsel of record in the Lawsuit, on the other hand, that, as among the Settling Parties, including all Class Members, the Lawsuit and the Released Claims shall be fully and finally compromised, settled and released, and the Lawsuit shall be dismissed with prejudice, as to all Settling Parties upon the terms and conditions as set forth herein.

**WHEREAS,** Plaintiffs commenced a class action lawsuit styled *Street et al. v. Lawrence O'Toole et al.,* Case No. 4:19-cv-02590 pending in the Federal District Court of Eastern Missouri (hereinafter referred to as "the Lawsuit") alleging injuries were sustained during the course of

their arrest on September 17, 2017, near the corner of Tucker Boulevard and Washington Avenue in the City of St. Louis;

**WHEREAS,** the party will ask the Court to certify a Settlement Class in the Lawsuit, which Class is defined as follows:

> All people who were arrested on September 17, 2017, near the intersection of Tucker Boulevard and Washington Avenue, in the City of St. Louis who have not previously settled all of their claims related to this event.

**WHEREAS,** Plaintiffs are individuals who fairly and adequately represent the interests of members of the Class who were arrested on September 17, 2017, near the intersection of Tucker Boulevard and Washington Avenue, in the City of St. Louis, by Defendants;

**WHEREAS,** the Defendants deny each of the allegations in the above-referenced Lawsuit and assert that they have at all times complied with all laws;

**WHEREAS,** Class Counsel have conducted and continue to conduct a thorough investigation and evaluation of the facts and law relating to the matters set forth in this case;

**WHEREAS,** the Settling Parties have engaged in arms-length settlement negotiations, and Class Counsel represent that they have otherwise conducted a thorough study and investigation of the law and the facts relating to the claims and have concluded, taking into account the benefits that Class Representatives and the Class Members will receive as a result of this Settlement Agreement and the risks and delays of further litigation, that this Settlement Agreement is fair, reasonable and adequate and in the best interests of Class Representatives and the Class; and

**WHEREAS,** Plaintiffs, on behalf of the Class, and the Defendants desire to avoid the further expense of litigation and to settle and voluntarily compromise any and all claims or causes of action between them that have arisen or that may arise in the future which in any way relate to Plaintiffs' and the Class's claims or the facts alleged in the above-referenced Lawsuit, without the

2

Defendants having admitted any liability to Plaintiffs or the Class, or admitting that if this litigation continued, Plaintiff and the Class would prevail.

NOW THEREFORE, intending to be legally bound and acknowledging the sufficiency of the consideration and undertakings set forth in this Settlement Agreement, the Settling Parties agree, in consideration of the promises set forth herein and subject to the approval of the Court, that the Lawsuit and the Released Claims against any Releases (as defined below) are fully and finally compromised, settled, and released, and that the Lawsuit shall be dismissed with prejudice as follows:

1. **Conditional Nature of Settlement Agreement.** This Settlement Agreement, including all associated exhibits and attachments, is made for the sole purpose of settlement of this action on a class-wide basis. The Settlement Agreement is made in compromise of disputed claims. The Settlement Agreement is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Lawsuit and the Released Claims. This Settlement Agreement covers any and all claims by Class Plaintiffs and the Class based on the allegations in the Complaint.

2. **Effect of Disapproval.** In the event that the Court does not execute and file the Order Granting Final Approval of Settlement, or in the event that the associated Judgment does not become Final, this Settlement Agreement shall be deemed null and void *ab initio*, it shall be of no force or effect whatsoever (except regarding the return of funds as indicated in this Settlement Agreement).

3. **Denial of Liability; No Admissions.** The Defendant, its current and former employees, agents, officers, and assigns deny liability for any and all of the claims as to liability, damages, restitution and all other forms of relief as well as the class action allegations asserted in the Lawsuit. Neither this Settlement Agreement, nor any of its terms and provisions, nor any of

3

the negotiations connected with it, shall be construed as an admission or concession by the Defendant City, or any current, former, or future employee, agent, or officer of Defendant City, of any legal violations, any legal requirements, or any failure to comply with any applicable law. Except as necessary in a proceeding to enforce the terms of this Settlement Agreement, this Settlement Agreement and its terms and provisions shall not be offered or received as evidence in any action or proceeding to establish any liability or admission on the part of the Defendant or its employees or to establish any condition constituting a violation of or non-compliance with federal, state, local or other applicable law, or the propriety of class certification in any proceeding or action. The Defendants have agreed to resolve this Lawsuit through this Settlement Agreement, but to the extent this Settlement Agreement is deemed void or the Effective Date does not occur, the Defendants do not waive, but rather expressly reserve, all rights to challenge all such claims and allegations in the Lawsuit upon all procedural and factual grounds, including without limitation the ability to challenge class action treatment on any grounds or assert any and all defenses or privileges. The Defendants expressly reserve all rights and defenses as to any claims and does not waive any such rights or defenses in the event that the Settlement Agreement is not approved for any reason. The Class Representatives and Class Counsel agree that the Defendants retain and reserve these rights and agree not to take a position to the contrary; specifically, the Class Representatives and Class Counsel agree not to argue or present any argument, and hereby waive any argument, that the Defendants could not contest class certification on any grounds if this Lawsuit were to proceed.

4. **Definitions.**

As used in all parts of this Settlement Agreement, the following terms have the meanings specified below:

4.1.    The **"Lawsuit"** means the lawsuit styled *Street v. O'Toole,* Case No. 4:19-cv-02590, pending in Federal Court in Eastern Missouri.

4.2.    **"Injury Claims"** shall mean all actual or potential claims regarding the alleged injuries sustained during the arrest of people on September 17, 2017, near the corner of Tucker Boulevard and Washington Avenue, in the City of St. Louis (as defined below).

4.3.    **"Claims Administration"** shall mean the distribution of payment and correspondence and communication with the Class Members (as defined below) and counsel for the Defendants.

4.4.    **"Claims Administrator" or "Settlement Administrator"** shall be Erich Vieth, Esq., who is a well-known attorney in St. Louis with significant class action experience, a history of working both on behalf of defendants and plaintiffs, and who has no financial interest in this case.

4.5.    **"Injury Claims Period"** shall mean the time period during which class members may submit records and/or an affidavit for review, extending from the Notice Date (defined below) until forty-five (45) days thereafter, including weekends and holidays, provided that if the last day of the Injury Claims Period falls on a weekend or federal holiday, then the end of the Injury Claims Period shall be the next following day that is not a weekend day or a federal holiday.

4.6.    **"Class Members"** shall mean all individuals identified on the spread sheets attached hereto as Exhibit A, together with such individuals, heirs, legal representatives,

administrators, successors, assigns, trustees, agents, and attorneys.

4.7.   **"Class Notice"** refers to direct mail notice of *Notice of Pendency of Class Action, Proposed Settlement and Hearing*, and a website with additional information. Upon receiving notice, Class Members who do not find the information they seek in the *Notice of Pendency of Action, Proposed Settlement and Hearing* or the website, can contact the Settlement Administrator for additional help.

4.8.   **"Class Period"** shall mean the date of September 17, 2017, for any and all persons who were arrested at the intersection of Tucker Boulevard and Washington Avenue, in the City of St. Louis.

4.9.   **"Class Plaintiffs"** mean the named Plaintiffs in the Lawsuit, Alicia Street, Ronald Harris, Fudail McCain, Ashley Theis, and Nicole Warrington. The Class Plaintiffs filed the Lawsuit in their individual capacities and as representatives of the Class Members as defined in this Agreement.

4.10.   **"Costs of Claims Administration"** shall mean all actual costs associated with or arising from Claims Administration.

4.11.   **"Court"** shall mean Federal Court of the Eastern District of Missouri, the Honorable Judge Perry, or her duly appointed or designated successor or any other judge assigned to hear any portion of the settlement proceedings.

4.12.   **"Defendants"** shall mean all officers and supervisors of the City of St. Louis Metropolitan Police Department who are currently or have been formerly named as defendants in this Lawsuit and the City of St. Louis.

4.13.   **"Defendants' Counsel"** shall mean the City Counselor's Office of the City of St. Louis, 1200 Market Street, Suite 314, St. Louis, Missouri, 63103.

4.14.   **"Effective Date"** shall mean the date upon which the time for the filing of any appeals has expired or, if there are appeals, approval of the settlement and judgment has been affirmed in all respects by the appellate court of last resort to which such appeals have been taken and such affirmances are no longer subject to further appeal or review, *or* the date the City fully funds the Settlement Fund as discussed in paragraph 4.27, whichever is later. In the event that no appeal of the Final Judgment is filed, the Effective Date shall be the day the Final Judgment becomes final by operation of law, *or* the date the City fully funds the Settlement Fund as discuss in Paragraph 4.27, whichever is later.

4.15.   **"Final Approval Hearing"** shall mean the hearing at which the Court will consider and decide whether to enter a Judgment finally approving the settlement memorialized in this Settlement Agreement.

4.16.   **"Final Judgment"** means the termination of the Lawsuit upon the entry of an Order and Judgment approving this Settlement at the Final Approval Hearing, or, if there are appeals, approval of the settlement and judgment has been affirmed in all respects by the appellate court of last resort to which such appeals have been taken and such affirmances are no longer subject to further appeal or review.

4.17.   **"Notice Date"** shall mean the date upon which Class Notice is mailed to Class Members in accordance with the terms herein.

4.18.   **"Objection Date"** shall mean the date agreed upon by the Parties or otherwise ordered by the Court by which Class Members must submit any objection to the Settlement Agreement's terms or provisions and submit any required statements, proof, or other materials and/or argument.

4.19.   **"Original Class Notice"** shall mean the Court-approved Class

7

Notifications to be sent out to all individuals identified on Exhibit A.

4.20. **"Parties"** shall mean the Plaintiffs Alicia Street, Ronald Harris, Fudail McCain, Ashley Theis, and Nicole Warrington, all Class Members, and Defendants.

4.21. **"Preliminary Approval Order"** shall mean the order of the Court preliminarily approving this Settlement Agreement.

4.22. **"Released Claims"** shall mean and include any and all claims or causes of action asserted in the Lawsuit by or on behalf of any and all Class Members (and their heirs, legal representatives, administrators, successors, assigns, trustees, agents, and attorneys) including, but not limited to, any and all claims, causes of action, liabilities, demands, and causes of action, fixed or contingent, that were, could have been, or should have been asserted by the Plaintiffs or any member of the Class against the Released Parties based upon their arrest on September 17, 2017, near Tucker Boulevard and Washington Avenue, in the City of St. Louis.

4.23. **"Release"** shall mean the release described in this document.

4.24. **"Released Parties"** shall mean the Defendants and the City of St. Louis and the City of St. Louis' former, current, and future employees, officers, agents, servants, assigns, supervisors, representatives, elected and appointed officials, municipal judges, prosecutors, and any and all other persons or entities associated in any way with the City of St. Louis and any and all other persons or entities which might be held jointly and severally liable with any of them.

4.25. **"Settlement Class Counsel"** or **"Class Counsel"** means Campbell Law LLC, including John Campbell and Alicia Campbell, as well as Khazaeli Wyrsch, LLC, including James Wyrsch, Javad Khazaeli, and John Waldron, and of all other attorneys of record acting on behalf of the Class Members in the Lawsuit.

4.26. **"Total Settlement Fund Value"** is $4,914,000.

8

4.27.   **"Settlement Fund"** shall mean a fund in the amount of $4,914,000 which shall be reserved specifically for this case and which Defendant City will deposit in a bank account to be opened by the Settlement Administrator. Defendant City will deposit the money within sixty (60) days of entry of the Final Judgment. The Settlement Fund is the total amount due from Defendant City as consideration for the full release of all claims set forth within. No further amount shall be due from Defendant City. However, this provision in no way limits Plaintiffs' remedies if Defendant City breaches this Settlement Agreement as outlined in Paragraph 5.1. All costs, fees, honorariums, and other related items will be deducted from this fund. The amounts paid to the Class Members, inclusive of all other costs and fees, are not to exceed the amount of the settlement fund.

4.28.   **"Settlement"** shall mean the agreement by the Plaintiffs, individually and on behalf of the Class, and Defendant to resolve the Lawsuit, the terms of which have been memorialized and agreed upon in this Settlement Agreement**.**

4.29.   **"Preliminary Approval Date"** shall mean the date on which the Court enters the Preliminary Approval Order.

4.30.    **"Injury Claim Form"** shall mean the form that is to be completed and timely submitted by Class Members, along with required documentation, for Class Members or Class Representatives who assert they are entitled to more than the base compensation, as described more fully in this document.

5.   **Agreed Settlement Structure.**

5.1.   **Creation of Settlement Fund**. Within sixty (60) days of the date of the Final Judgment, the City of St. Louis shall fully fund a Settlement Fund in the amount of $4,914,000. That fund will be used to pay all amounts required under this Settlement Agreement

9

including, but not limited to: (a) Costs of Claim Administration; (b) Attorneys' Fees of Class
Counsel and any expenses incurred by Class Plaintiffs; and (c) the honorarium payment to Class
Plaintiffs. Payments of attorneys' fees, expenses, and the honorarium fees will be disbursed within
ten (10) days of the Effective Date. All payments to the Class Members will be mailed and/or
distributed within fifteen (15) days of the Effective Date. If the City of St. Louis fails to fully fund
the Settlement Fund within sixty (60) days of the date of the Final Judgment, Plaintiffs may petition
this Court for damages, reasonable attorneys' fees incurred to enforce the Settlement Agreement,
post-settlement interest of no greater than an annual percentage rate of 18%, and reimbursement
for any additional administrative costs incurred as a result of this breach to the extent permitted by
law. Nothing within this Agreement prevents Defendant City from challenging any such breach
claim or challenging the venue, appropriateness, or propriety thereof.

       **5.2.**    **Distribution of and Terms Applicable to Benefits.** The Settlement
Administrator shall make all payments required hereunder and send checks to each Class Member
within fifteen (15) days of the Effective Date. If after thirty (30) days of mailing, a check remains
uncashed and money remains in the Settlement Fund, the remainder of the money in the Settlement
Fund shall revert to the City of St. Louis.

       **5.3. Payment to Class Members.** There are 4 levels of compensation. They are
based on the injuries suffered and the time and expense invested in pursuing claims relating to
those injuries. The categories are:

- Group 1: Class Members who, as of December 6, 2022, did not file an individual lawsuit relating to the events of September 17, 2017 and who are not members of Groups 3 or 4. Parties in this group are expected to receive between $22,900.00 and $43,750.00 *before* reduction due to all associated fees, costs, administrative expenses, and honorariums approved by the court. The Class Members estimated take home amount is between $13,500.00 and $26,500.00

- Group 2: Class Members who, as of December 6, 2022, filed an individual lawsuit relating to the events of September 17, 2017. Parties in this group are expected to receive approximately $68,500.00 *before* reduction due to all associated fees, costs, administrative expenses, and

honorariums approved by the court. The Class Members estimated take home amount is $43,000.00

- Group 3: Class Members who, whether they filed an individual lawsuit or not, provide medical records showing treatment for physical injuries caused by the events of September 17, 2017, that lasted more than three months. These members will have to provide an affidavit upon request and must willing to be interviewed by Class Counsel. They must also file an Injury Claim Form. Parties in this group are expected to receive between $55,900.00 and $80,000.00 *before* reduction due to all associated fees, costs, administrative expenses, and honorariums approved by the court. The amount any party in this group will receive will be determined on a case-by-case basis by Class Counsel in order to protect the interests of each Class Member and to provide appropriate compensation for the varying levels of injury. The Class Members estimated take home amount is between $35,500.00 and $50,500.00.

- Group 4: Class Members who, whether they filed an individual lawsuit or not, can document, by objective records, a permanent physical injury or physical disability caused by the events of September 17, 2017, that cannot be fully resolved by medical intervention and that has significantly diminished their future earning abilities. A party claiming in this group must be willing to submit records, an affidavit, and must be willing to be interviewed by class counsel. They must also file an Injury Claim Form. The amount any party in this group will receive will be determined on a case-by-case basis by Class Counsel in order to protect the interests of each Class Member and to provide appropriate compensation for the varying levels of injury.

Classification in Group 3 and Group 4 will be determined by Class Counsel, based on the strength of the evidence presented. Class Members who do not submit an Injury Claim Form will be classified in Group 1 or Group 2, based on their litigation status. The expected recovery amounts are after the deduction of attorneys' fees, costs, costs of class administration, and honorarium fees. They are approximate because all of the fees and costs are subject to court approval and because the qualification for each group must be determined in order to calculate final amounts.

Compensation amounts for Group 1 will be adjusted pro-rata to ensure that they do not exceed the Total Settlement Fund. This could cause the amounts to increase or decrease.

**5.4     Cessation of Litigation Activity.** Class Plaintiffs and Class Counsel agree not to initiate any new litigation against the Defendants relating in any way to the arrest of people on September 17, 2017, near the corner of Tucker Boulevard and Washington Avenue in the City of St. Louis. Immediately upon execution of this Settlement Agreement, Class Plaintiffs, and Class Counsel, agree to cease all litigation activity in the Lawsuit (other than any activity to implement

this Settlement Agreement), and request the Court to stay all motions or other pretrial matters and to continue any hearing or trial settings until each of the conditions precedent to the Parties' obligations to proceed to consummate the settlement provided for herein has been satisfied or waived.

5.5.    **Class Certification for Settlement Purposes Only.** If the settlement provided for herein is not approved by the Court in complete accordance with the terms of this Settlement Agreement and does not become subject to a Final Judgment following approval of Motion for Final Approval, this Settlement Agreement shall be deemed null and void.

5.6.    **Class Notification.** Class Notification will be provided at the address of Class Members on file from the arrest records of the Defendants. If, after the initial mailing, any Class Notices are returned as undeliverable, the Settlement Administrator will make reasonable efforts to attempt to locate the relevant Class Members. In the event a new address is located, the Settlement Administrator will ensure another Class Notice and Claim Form is mailed to the new address. The Settlement Administrator is not obligated to do this more than once per Class Member.

5.7.    **Application for Attorneys' Fees and Class Representative Compensation.** Class Counsel will apply to the Court for attorneys' fees in the amount of $1,638,000.00 which are 33.3% of the total recovery for the Class, which is $4,914,000.00. Defendants will not object to the attorneys' fees application submitted by Class Counsel, including any objection that the amount sought is not fair and reasonable, so long as the attorneys' fees sought do not exceed $1,638,000.00 and that the attorneys' fees, if awarded by the Court, are to be paid from the Settlement Fund. As noted, the Defendants further agrees that the following will be paid from the Settlement Fund: (a) expenses in the amount of $203,750.00; (b) honorarium fees

to the Class Plaintiffs in a sum not to exceed $10,000.00 each, each as compensation for their work as Class Representatives; and (c) all Claims Administration expenses.

6.     **Release of Defendants and Jurisdiction of Court.**

6.1     **Release.** By this Settlement Agreement and specifically as provided in this Paragraph, Plaintiffs and the Class Members agree that the Defendants and the City of St. Louis and the City of St. Louis' former, current, and future employees, officers, agents, servants, assigns, supervisors, representatives, elected and appointed officials, municipal judges, prosecutors, and any and all other persons or entities associated in any way with the City of St. Louis and any and all other persons or entities which might be held jointly and severally liable with any of themare released from any and all claims, causes of action, liabilities, known or unknown which could have been asserted by the Plaintiffs or Class Members against the Released Parties arising out of events that occurred near the intersection of Washington and Tucker on September 17, 2017. This in no way releases any other claims regarding other events not arising out of events that occurred near the intersection of Washington and Tucker on September 17, 2017, against the Released Parties.

6.2.     **Court Jurisdiction Retained.** The administration and implementation of the Settlement as memorialized in this Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, the Release. The Court expressly retains jurisdiction to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement, including, but not limited to, orders enjoining Class Members from prosecuting claims that have been released pursuant to the Settlement Agreement.

7.     **Upon the Effective Date:**

This Settlement Agreement shall be the exclusive remedy for any and all Released Claims of Class Members.

8.      **Notice of Settlement and Responsibilities of the Settlement Administrator**.

8.1.      **Settlement Administrator.** The Parties shall appoint Erich Vieth to serve as the Settlement Administrator who will fulfill various duties described in more detail below including implementing the terms set out in this Settlement Agreement.

8.2. **Settlement Notification.** The Settlement Administrator shall be responsible for mailing: Class Settlement Notice and Description of Injury Claims Forms to every Class Member; uploading the Class Settlement Notice and Injury Claim Forms to the World Wide Web by means of a website managed by the Settlement Administrator; distributing publication notice; providing records of Injury Claim Form records to Class Counsel who submit valid and timely records and affidavits; establishing a Settlement Fund to be funded by the Defendants; and otherwise administering this Settlement; and distributing timely payments for Class Members as described in this agreement. (As noted above, such duties shall hereinafter be referred to as "Claims Administration"). The Settlement Administrator shall maintain an appropriate insurance policy, at his own expense, to protect against any violation of its fiduciary duty to the Court, Class Members, Class Counsel, Released Parties, Defendants or Defendants' Counsel. The Claims Administration program shall comply with all requirements of applicable law.

8.3.      **Settlement Website.** The Settlement Administrator will provide information about the Settlement to Class Members, including contact information for the Settlement Administrator, notice and injury claims documents, court documents, and a copy of the Settlement Agreement on a settlement website.

8.4.      **Notice.** Beginning no later than ten (10) days from the date of the

14

Preliminary Order Approving Settlement, the Settlement Administrator shall initiate the Claims Administration Program. No later than this date, the Settlement Administrator will (1) mail out direct mail notices to the Class Members as provided in Section 8.5, (2) activate the website notice described in Section 8.3, and 3) distribute notice through publication in the St. Louis American on at least one (1) day per week for three (3) consecutive weeks commencing on the Notice Date. These procedures will be completed in accordance with the terms of the Settlement Agreement. Prior to the Final Approval Hearing, Class Counsel shall cause the Settlement Administrator to serve and file a sworn statement attesting to compliance with the provisions of this section.

  **8.5.** **Notice Delivery.** Notice will be provided to the Class Members by direct mailing of notice of settlement to all Class Members at the address shown on Exhibits A, or an updated record in the Class Administrator's possession.

  **8.6.** **Web Notice Access**. Notice of Settlement, this Settlement Agreement and the Order of Preliminary Approval of this Settlement will be uploaded to the World Wide Web by means of a website to be managed by the Settlement Administrator. This same website will also provide Class Members with the means to contact the Settlement Administrator.

  **8.7. Other Forms of Notice.** The Settlement Administrator shall also provide a copy of the notice of Settlement and claim form to any person who inquires through means of written communication, by way of the toll-free telephone number established by the Settlement Administrator, or by way of e-mail communication also established by the Settlement Administrator. The Settlement Administrator will further upload downloadable and printable copies of notices, court decisions, the Settlement Agreement, and information for Class Members through the Settlement Website at a mutually agreed upon address. The Settlement Administrator will also effect publication notice as described in paragraph 8.4.

**8.8.    Undelivered Notice.** If, after the initial mailing, any Class Notices are returned as undeliverable, the Settlement Administrator will make reasonable efforts to attempt to locate the relevant potential Class Members by way of a national locator database or other methods to identify an updated address. In the event a new address is located, the Settlement Administrator will ensure another Class Notice and injury claim form is mailed to the new address. The Settlement Administrator is not required to do this more than once for each Class Member.

**8.9.    Settlement Administrator Affidavit.** Prior to the Final Approval Hearing, the Settlement Administrator shall provide an affidavit to the Court, with a copy to Class Counsel and Defendant's Counsel, recounting all actions taken to provide Notice of the Settlement. The Settlement Administrator will further provide an affidavit recounting any and all activity on the Settlement Website, including number of visitors and number of documents downloaded, and any and all activity through correspondence of e-mail or the toll-free telephone number between the Settlement Administrator and the Class Members.

**8.10.    Settlement Administrator Confidentiality**. The Settlement Administrator (and any person retained by the Settlement Administrator) shall sign a confidentiality agreement in a form agreed upon by the Parties, which shall provide that the names, addresses and other information about specific Class Members shall be treated as confidential and shall be used only by the Settlement Administrator as required by this Settlement Agreement.

**8.11. Timely Injury Claims Submission.** Injury Claim Forms shall be made available to all Class Members through the Settlement Administration Website and upon written or telephonic request of the Settlement Administrator. This class will have levels of compensation depending on the injuries sustained and proven by Class Members. Any records and/or affidavits must be submitted to the Settlement Administrator within 45 days of the date of mailing of the

Class Notice to be valid and considered by Class Counsel. Parties who do not submit an Injury Claim Form in a timely manner and who do not opt-out will qualify for Group 1 or Group 2, depending on their litigation status.

**8.12. Incomplete Injury Claim Form Submission.** If information on a submitted Injury Claim Form is insufficient, unreadable, incomplete, or left blank, the Settlement Administrator shall, whenever possible, contact the person who submitted the Injury Claim Form and aid the person in completing the information.

**8.13. Final Claims Determination**. The Settlement Administrator shall have final authority to determine whether individuals who have submitted Injury Claim Forms have done so within the time frame specified in paragraph 8.11. Final determination as to the legitimacy and category of compensation each Class Member is to receive will be finally determined by Class Counsel.

**8.14 Class Members Who Opt-Out.** Should more than three (3) Class Members opt out of this Settlement, then Defendant City may choose to declare this Agreement null and void. Should any individual currently represented by Khazaeli Wyrsch, LLC, or Campbell Law, LLC, who has ever filed a lawsuit arising out of events that occurred near the intersection of Washington and Tucker on September 17, 2017, opt out of this Settlement, then Defendants may choose to declare this Agreement null and void. Anyone who opts out must do so within 30 days of the notice date. Under either of these circumstances, if Defendant City elects to declare this Agreement null and void, it shall be deemed as such and the Parties will return to their previous litigation positions as of December 6, 2022.

**9. Objections by Class Members and Notice of Intent to Appear.**

**9.1. Objection Filing.** Any Class Member who wishes to object to this

settlement and/or who wishes to be heard orally at the Final Approval Hearing must file with the Court (and serve copies on Class Counsel and Defense Counsel) a written Notice of Objection and file a claim as described above. Any Objection must be postmarked no later than thirty (30) days from the Notice Date. Such Objection shall be in writing, verified by sworn affidavit, and state the name, address and telephone number of the individual making the Objection, as well as a detailed statement of each objection asserted, including the legal and factual grounds for objection and reasons for appearing and being heard, and attach any documents the individual wishes to be considered in support of the objection. The document must identify whether the party is represented in the objection, and if represented, the name of counsel. Any objecting party must appear at the Final Approval Hearing in order for their objection to be considered.

         **9.2.**    **Hearing Participation Rights.** No objecting Class Member will be permitted to appear and object at the Final Approval Hearing unless he or she has timely filed the Objection with the Court (with service on Class Counsel and Defense Counsel), and has filed a Notice of Intention to Appear with the Court. Class Members or their attorneys intending to make an appearance at the Final Approval Hearing must, no later than fifteen (15) days prior to the Final Approval Hearing, file with the Court and serve Class Counsel and Defendant's counsel with a Notice of Intention to Appear that (i) states how much time the Class Member and/or his/her attorney anticipates needing to present his or her objection, (ii) identifies by name, address, and telephone number the Class Member making the objection, and a summary of the testimony supporting the objection, (iii) identifies by name, address, and telephone number all witnesses the Class Member and/or his/her attorney intends to present testimony from, including a summary of the testimony, (iv) identifies all exhibits the Class Member and/or his/her attorney intends to offer in support of the objection(s) and attaches complete copies of all exhibits, and (v) contains the

signature of the Class Member making the objection and a statement under penalty of perjury that the individual is a Class Member, *i.e.* that the individual was present at the date and time outlined above and in the Complaint.

   **9.3.**  **Notification of Objection Rights.** Upon entry of the Preliminary Approval Order, the Settlement Administrator shall cause information regarding a Class Member's right to make an objection and instructions on how to make an objection to be mailed to each Class Member. This information will include instructions for a Class Member to state an objection, their grounds for the objection, an option to request to be heard at the Final Approval Hearing if they so desire, and instructions regarding the objection process.

   **9.4**  **Appeal Rights.** In accordance with law, only Class Members who have objected to the Settlement pursuant to the terms above may appeal any Final Judgment. The proposed Final Judgment shall provide that any Class Member who wishes to appeal the Final Judgment, because appeal will delay the distribution of the Settlement to the non-objecting Class Members, shall post a bond with this Court in an amount to be determined by the Court as a condition of prosecuting such an appeal.

  **10.**  **Court Submission.** Class Counsel and counsel for Defendants will submit this Settlement Agreement, along with a Joint Motion for Preliminary Approval of the Settlement and such other supporting papers as may be appropriate, to the Court for preliminary approval of this Settlement Agreement. If the Court declines to grant preliminary approval of this Settlement Agreement or if the Court declines to grant final approval of the settlement after such notice and hearing, this Settlement Agreement will terminate as soon as the Court enters an order unconditionally and finally adjudicating that this Settlement Agreement will not be approved.

  **11.**  **Final Judgment.** The Parties agree that the settlement provided herein is expressly

conditioned upon the entry of a Final Judgment.

12.     **Integration Clause.** This Settlement Agreement contains a full, complete, and integrated statement of each and every term and provision agreed to by and among the Parties and supersedes any prior writings or agreements (written or oral) between or among the Parties, which prior agreements may no longer be relied upon for any purpose. This Settlement Agreement shall not be orally modified in any respect and can be modified only by the written agreement of the Parties supported by acknowledged written consideration.

13.     **Governing Law.** To the extent not governed by the Federal Rules of Civil Procedure, the contractual terms of this Agreement shall be interpreted and enforced in accordance with the substantive law of the State of Missouri.

14.     **Mutual Interpretation.** The Parties agree and stipulate that this Settlement Agreement was negotiated on an "arms-length" basis between parties of equal bargaining power. Also, the Settlement Agreement has been drafted jointly by Class Counsel and counsel for City. Accordingly, this Settlement Agreement shall be neutral and no ambiguity shall be construed in favor of or against any of the Parties.

15.      **Notice.** Whenever any written notice is required by the terms of this Settlement Agreement, it shall be deemed effective on the delivered date, service to be by First Class Mail addressed as follows:

        If to the Class Plaintiff or Settlement Class, to:

        **KHAZAELI WYRSCH LLC**
        Javad Khazaeli
        James Wyrsch
        911 Washington Ave, Ste. 211
        St. Louis, MO 63101

If to Defendants:

**St. Louis City Counselor's Office**
Sheena Hamilton
Brandon Laird
Abby Duncan
1200 Market, Ste. 314
St. Louis, MO 63103
cc via email: Law-Department@stlouis-mo.gov

16. **Counterpart Execution.** This Settlement Agreement may be executed in any number of counterparts and will be binding when it has been executed and delivered by the last signatory hereto to execute a counterpart. A facsimile signature shall be deemed to constitute an original signature for the purposes of this Settlement Agreement.

17. **Binding Upon Successors.** This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereof and their representatives, heirs, successors, and assigns.

18. **Severability.** In the event any one or more of the provisions contained in this Settlement Agreement shall for any reason be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions if the Parties and their counsel mutually elect by written stipulation to proceed as if such invalid, illegal, or unenforceable provisions had never been included in this Settlement Agreement.

19. **Continuing Jurisdiction.** Without affecting the finality of the Final Judgment, the Court shall retain continuing jurisdiction over the Lawsuit and the Parties, including all Class Members, the administration and enforcement of the settlement, and the benefits to the Class Members hereunder, including for such purposes as supervising the implementation, enforcement, construction, and interpretation of this Settlement Agreement, the order preliminarily approving the settlement, and the Final Judgment and hearing and determining an application by Class Counsel for an award of attorneys' fees and Class Representative compensation. Any dispute or

21

controversies arising with respect to the interpretation, enforcement, or implementation of the Settlement Agreement shall be presented by motion to the Court.

**20.      Representations, Warranties and Covenants.**

**20.1.**    Class Counsel, who are signatories hereof, represent and warrant that they have the authority, on behalf of Plaintiffs: to execute deliver, and perform this Settlement Agreement and to perform all of the transactions contemplated hereby. This Settlement Agreement has been validly executed and delivered by Class Counsel and Plaintiffs and constitutes their legal, valid, and binding obligation.

**20.2.**    Defendants represent and warrant that they have the authority to execute, deliver, and perform this Settlement Agreement and to perform all of this Settlement Agreement and performance by them of the actions contemplated hereby have been duly authorized by all necessary municipal governmental action on part of Defendants. This Settlement Agreement has been validly executed and delivered by Defendants and its counsel and constitutes its legal, valid, and binding obligation.

**21.      Miscellaneous Provisions.**

**21.1.**    The heading of the sections and paragraphs of this Settlement Agreement are included for convenience only and shall not be deemed to constitute part of this Settlement Agreement or to affect its interpretation.

**21.2.**    Except as otherwise provided in this Settlement Agreement, each party to this Settlement Agreement shall bear its own costs of the Lawsuit.

**21.3.**    The Parties to this Settlement Agreement reserve the right, by agreement and subject to the Court's approval, to grant any reasonable time extensions that may be necessary

22

to fully implement any of the provisions of this Settlement Agreement or to amend any terms, if agreed to by the Parties, to effectuate the settlement.

21. 4. All discussions negotiations, and communications that have taken place to achieve this Settlement Agreement shall not be disclosed and shall be protected as confidential as provided for under state and federal law

21.5. Dismissal.     Class Counsel shall file a stipulation of dismissal with prejudice against all Defendants within seven (7) days of the City fully funding the Settlement Fund. Any Class Members who do not opt and who have pending litigation arising out of events that occurred near the intersection of Washington and Tucker on September 17, 2017, must also file a stipulation of dismissal with prejudice within seven (7) days of the City fully funding the Settlement Fund.

**The undersigned parties have executed this Agreement as of the date first below written.**

Dated: _____           _____
                                      Alicia Campbell
                                      Campbell Law LLC
                                      8112 Maryland, Suite 400
                                      St. Louis MO 63105
                                      Telephone: 888-588-5043


Dated: _____           _____
                                      Khazaeli Wyrsch, LLC
                                      911 Washington
                                      Suite 211
                                      St. Louis, MO 63101
                                      Telephone: 314-288-0777

Dated: _____          _____
                                    Plaintiff Alicia Street


Dated: _____          _____
                                    Plaintiff Ronald Harris


Dated: _____          _____
                                    Plaintiff Fudail McCain


Dated: _____          _____
                                    Plaintiff Ashley Theis


Dated: _____          _____
                                    Plaintiff Nicole Warrington


Dated: _____          _____
                                    City of St. Louis


Dated: _____          _____
                                    City Counselor's Office
                                    1220 Market Street
                                    Ste. 314
                                    St. Louis, MO 63101
                                    Telephone: 314-622-3361