UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALICIA STREET, RONALD HARRIS, FUDAIL MCCAIN, ASHLEY THEIS, and NICOLE WARRINGTON, on behalf of Themselves and a class of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>LT. COL. LAWRENCE O'TOOLE, et.al.,<br><br>Defendants. | Cause No. 4:19 CV 2590 CDP |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, CONDITIONALLY CERTIFYING SETTLEMENT CLASS, APPOINTING CLASS REPRESENTATIVES, APPOINTING CLASS COUNSEL, APPOINTING SETTLEMENT ADMINISTRATOR, AND APPROVING NOTICE PLAN**

WHEREAS, a class action is pending before the Court entitled *Street et.al., v. O'Toole, et.al.*, No. 4:19-cv-02590-CDP; and

WHEREAS, Plaintiffs Alicia Street, Ronald Harris, Fudail McCain, Ashley Theis, and Nicole Warrington and Defendants have entered into a Class Action Settlement Agreement, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendants upon the terms and conditions set forth therein (the "Settlement Agreement"), and the Court having read and considered the Settlement Agreement and exhibits attached thereto;

This matter coming before the Court upon the agreement of the parties, good cause being shown, and the Court being fully advised in the premises,

**IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:**

Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

The Parties have moved the Court for an order preliminarily approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice. The Court having read and considered the Settlement Agreement, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing.

This Court finds that it has jurisdiction over the subject matter of this action and over all Parties to the Action.

The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, within the range of possible approval, and in the best interests of the Settlement Class set forth below. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by the Defendants or any other person, nor a finding of the validity of any claims asserted in the Action or of any wrongdoing or any violation of law.

1.  **Final Approval Hearing**

The Final Approval Hearing shall be held before this Court on **Tuesday, June 13, 2023, at 1:00 p.m.** at the Thomas F. Eagleton United States Courthouse, 111 South 10th Street, St. Louis, Missouri 63102, in **Courtroom 16-South**, to determine (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees, costs, and expenses to Class Counsel; and (d) whether to approve the payment of an incentive award to the Class Representative. The Court may adjourn the Final Approval Hearing without further notice to members of the Settlement Class.

2.  **Conditional Certification of the Settlement Class**

For purposes of settlement only: (a) Khazaeli Wyrsch, LLC and Campbell Law, LLC are appointed Class Counsel for the Settlement Class; and (b) Alicia Street, Ronald Harris, Fudail McCain, Ashley Theis, and Nicole Warrington are named Class Representatives. The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and that Plaintiffs will adequately protect the interests of the Settlement Class defined below.

For purposes of settlement only, the Court conditionally certifies the following Settlement Class as defined in the Settlement Agreement:

> All people who were arrested on September 17, 2017, near the intersection of Tucker Boulevard and Washington Avenue, in the City of St. Louis who have not previously settled all of their claims related to this event.

Excluded from the Settlement Class are (1) any Judge or Magistrate Judge presiding over this Action and members of their families; (2) the Defendants, Defendants' subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendants or their parents have

a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors, or assigns of any such excluded persons.

      The Court concludes, subject to the Final Approval Hearing referred to in Paragraph 5, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, solely within the context of and for the purposes of settlement only, that the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that: the Settlement Class is so numerous that joinder of all members is impracticable; there are questions of fact and law common to the Settlement Class; the claims of the Class Representative are typical of the claims of the members of the Settlement Class; the Class Representative and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class; common questions of law or fact predominate over questions affecting individual members; and a class action is a superior method for fairly and efficiently adjudicating the Action.

      If the Settlement Agreement does not receive the Court's final approval, or if final approval is reversed on appeal, or if the Settlement Agreement is terminated or otherwise fails to become effective, the Court's grant of class certification shall be vacated, and the Class Representative will once again bear the burden of establishing the propriety of class certification. In such case, neither the certification of the Settlement Class for settlement purposes, nor any other act relating to the negotiation or execution of the Settlement Agreement shall be considered as a factor in connection with any class certification issue(s).

    3. **Notice and Administration**

      The Court approves, as to form, content, and distribution, the Notice Plan set forth in the Settlement Agreement, including all forms of Notice to the Settlement Class as set forth in the

Settlement Agreement and Exhibits 2 and 3 to the Memorandum in Support of Class Certification (the "Notice Forms"), with the following exceptions: on page 1 of the Proposed Class Notice, the parties must clarify that the Court's approval of the Settlement Agreement is preliminary; on page 5, they must correct the sentence reading, "Any Class Member who wishes to object to this settlement and/or who wishes to be heard orally at the Final Approval Hearing must file with the Court (and serve copies on Class Counsel and Defense Counsel) a written Notice of Object must be filed as described below"; and, in the Proposed Publication Notice, they must accurately describe the Court as the United States District Court for the Eastern District of Missouri. The Notice Plan shall be commenced no later than **Thursday, February 16, 2023,** as outlined in Section 8 of the Settlement Agreement.

The Court finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due, and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class. In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this Action. The Parties, by agreement, may revise the Notice Forms in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting.

The Court approves the request for the appointment of Erich Vieth as Settlement Administrator of the Settlement Agreement. Pursuant to Section 8 of the Settlement Agreement, the Settlement Administrator is directed to publish the Notice Forms on the Settlement Website

and to send direct notice via U.S. Mail, and must publish notice in the St. Louis American, in accordance with the Notice Plan called for by the Settlement Agreement. The Settlement Administrator shall also maintain the Settlement Website to provide full information about the Settlement.

   4. **Requests for Exclusion from Class**

Any person falling within the definition of the Settlement Class may, upon valid and timely request, exclude themselves or "opt out" from the Class. Any such person may do so if, on or before the Objection/Exclusion Deadline, **Monday, March 20, 2023**, they comply with the exclusion procedures set forth in the Settlement Agreement and Notice. Any members of the Class so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

Any members of the Settlement Class who elect to exclude themselves or "opt out" of the Settlement Agreement must file a written request with the Settlement Administrator, received or postmarked no later than **Monday, March 20, 2023**. The request for exclusion must comply with the exclusion procedures set forth in the Settlement Agreement and Notice and include the Settlement Class member's name and address, a signature, the name and number of the case, and a statement that he or she wishes to be excluded from the Settlement Class for the purposes of this Settlement. Each request for exclusion must be submitted individually. So called "mass" or "class" opt-outs shall not be allowed.

Individuals who opt out of the Class relinquish all rights to benefits under the Settlement Agreement and will not release their claims. However, members of the Settlement Class who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Judgment, regardless of whether they have requested exclusion from the

Settlement Agreement.

### 5. Appearances and Objections

Any members of the Settlement Class who have not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement or to a Final Judgment being entered dismissing the Action with prejudice in accordance with the terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel in the amounts specified in the Notice, or to the award to the Class Representative as set forth in the Notice and Settlement Agreement. No later than **Monday, February 20, 2023**, papers supporting the Fee Award shall be filed with the court and posted to the settlement website. Members of the Class may object on their own or may do so through separate counsel at their own expense.

To object, members of the Class must sign and file a written objection no later than on or before the Objection/Exclusion Deadline, **Monday, March 20, 2023**. To be valid, the objection must comply with the objection procedures set forth in the Settlement Agreement and Notice. Specifically, the objection must contain a caption or title that identifies it as "Objection to Class Settlement in *Street v. City of St. Louis* Class Action," Any Class Member who wishes to object to this settlement and/or who wishes to be heard orally at the Final Approval Hearing must file with the Court (and serve copies on Class Counsel and Defense Counsel) a written Notice of as described below.

The Objection shall be in writing, verified by sworn affidavit, and state the name, address and telephone number of the individual making the Objection, along with a detailed statement of each objection asserted, and address information for the objecting Settlement Class Member, documents sufficient to establish the person's standing as a Settlement Class Member (such as,

proof of arrest, etc) the facts supporting the objection, and the legal grounds on which the objection is based, the name and contact information of any and all attorneys representing, advising, or in any way assisting him or her in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"), and a statement indicating whether he or she intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with Eastern District of Missouri Local Rules).

If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption. Class Counsel and Defendants' Counsel may petition the Court for discovery of any objector to determine whether the objector has standing as a Settlement Class Member.

Members of the Class who fail to file and serve timely written objections in compliance with the requirements of this paragraph and the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement or to any of the subjects listed above, i.e. (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees and expenses to Class Counsel; and (d) whether to approve the payment of an incentive award to the Class Representative.

To be valid, objections by persons represented by counsel must be filed electronically on

the docket. Pro se objectors may mail their objects to the Court, Honorable Catherine D. Perry, 111 South 10th Street, St. Louis, Missouri 63102, with a copy also sent to Class Counsel Javad Khazaeli, of Khazaeli Wyrsch, LLC, 911 Washington Avenue, Suite 211, St. Louis, Missouri, 63101; and Defendants' Counsel Brandon Laird at City of St. Louis, Law Department, 1200 Market Street, Ste. 314, St. Louis, MO, 63103.

**6. Further Matters**

All further proceedings in the Action are ordered stayed until Final Judgment or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

Members of the Settlement Class shall be bound by all determinations and judgments concerning the Settlement Agreement and Final Approval of same, whether favorable or unfavorable.

The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement Agreement. The Court may approve the Settlement Agreement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

Any Settlement Class Member who does not timely and validly request exclusion from the Class: (a) shall be bound by the provisions of the Settlement Agreement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Final Judgment, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (b) shall forever be barred and enjoined from directly or indirectly filing, commencing, instituting, prosecuting, maintaining, or intervening in any action, suit, cause of action, arbitration, claim, demand, or other proceeding in any jurisdiction, whether in the United States or elsewhere,

on their own behalf or in a representative capacity, that is based upon or arises out of any or all of the Released Claims against any of the Defendants and the other Released Parties, as more fully described in the Settlement Agreement.

**Pursuant to this Order:**

The Notice Plan shall be commenced no later than **Thursday, February 16, 2023**, as outlined in Section 8 of the Settlement Agreement.

Objections shall be filed in accordance with this Order no later than **Monday, March 20, 2023**.

Requests for Exclusion shall be submitted in accordance with this Order no later than **Monday, March 20, 2023**.

Class Counsel shall file papers in support of their Fee Award and Class Representative's Incentive Award (collectively, the "Fee Petition") with the Court no later than **Monday, February 20, 2023.**

Papers in support of final approval of the Settlement Agreement shall be filed with the Court on or before **Tuesday, May 23, 2023**.

The Final Approval Hearing shall be held before this Court on **Tuesday, June 13, 2023**, at **1:00 p.m.** in Thomas F. Eagleton United States Courthouse, 111 South 10th Street, St. Louis, Missouri 63102, in **Courtroom 16-South**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of February, 2023.