# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ALICIA STREET, RONALD HARRIS, FUDAIL MCCAIN, ASHLEY THEIS, and NICOLE WARRINGTON, on behalf of Themselves and a class of similarly situated persons,<br><br>    Plaintiffs,<br><br>v.<br><br>LT. COL. LAWRENCE O'TOOLE, et.al.,<br><br>    Defendants. | Cause No. 4:19-cv-02590-CDP |

## DECLARATION OF JAMES R. WYRSCH

I, James R. Wyrsch, declare as follows:

1. I am an attorney licensed to practice before all courts of the State of Missouri, have been admitted to practice before this court, and am an attorney at Khazaeli Wyrsch LLC. I serve as Class Counsel in the above-captioned litigation and make this declaration in support of Plaintiffs' Motion for Attorneys' Fees, and Costs.

2. As Class Counsel, I am one of the attorneys primarily responsible for representing Plaintiffs in this action, along with the other attorneys at Khazaeli Wyrsch, LLC and the attorneys at Campbell Law LLC.

3. I have actively participated in all aspects of this class litigation, including the negotiation of the settlement, and am fully familiar with the proceedings in the matter in which the parties seek resolution. If called upon, I am competent to testify that the following facts are true and correct based upon my personal knowledge.

## THE SUBSTANTIVE WORK REQUIRED TO SUCCESSFULLY LITIGATE THIS MATTER

4. From the inception of this litigation, Plaintiffs' Counsel has aggressively prosecuted this case and vigorously represented the best interests of Plaintiffs and Class Members.

5. Class Counsel have devoted substantial time and resources to investigating, litigating, and resolving this case.

6. Beginning on September 17, 2019, the named Plaintiffs filed their Complaint, asserting claims under 42 U.S.C. § 1983 that Defendants violated their constitutional rights, as well as asserting Missouri state law claims. In drafting the Complaint, Class Counsel engaged in extensive review of the laws and evaluated potential class representatives.

7. Plaintiffs amended that Complaint on January 15, 2020.

8. Defendants filed a Motion to Dismiss the Complaint on March 16, 2020, Dkt. Nos. 19-28. which was denied and granted in part on February 22, 2021, Dkt. No. 66.

9. Defendants then filed its Notice of Appeal on March 3, 2021. Dkt. No. 67.

10. The Eighth Circuit ultimately affirmed in part and reversed in part the district court's denial of Defendant's Motion to Dismiss on July 27, 2022. Dkt. No. 80.

11. The district court case was stayed while Defendants' appeal was pending. Dkt. No. 83.

12. Thereafter, Plaintiffs moved to file a Third Amended Complaint, which was granted on September 2, 2022. Dkt. No. 85.

13. On November 7, 2022, Defendants filed their Motion to Dismiss. Dkt. Nos. 91-94.

14. As before, this matter was fully briefed. The parties then notified this Court on December 19, 2022, that this matter was settled. Dkt. No. 99.

15. On November 4, 2021, the Parties engaged in a day-long mediation before the Honorable Booker Shaw. Class Counsel entered the mediation fully informed of the merits of Class Members' claims

and were prepared to continue to litigate and try the case rather than accept a settlement that was not in the Plaintiffs' and the Classes' best interests. This mediation was unsuccessful, and the parties continued litigating the case.

16. Moreover, in each of the individual cases that are now incorporated, Class Counsel prepared and served initial disclosures, lengthy interrogatories, and two comprehensive sets of document requests; responded to discovery requests, including interrogatories to each individual plaintiff; reviewed tens of thousands of pages of documents; reviewed dozens of hours of videos; met and conferred with defense counsel to resolve various discovery disputes; engaged in successful motion practice to compel Defendant's production of certain documents; and noticed, prepared for, and conducted scores of depositions. The information obtained in these individual matters was crucial to the development and resolution of the class case.

17. Additionally, Class Counsel consulted with expert witnesses; retained a police expert; and deposed non-party witnesses. Discovery was managed to maximize efficiency and ensure that there was no duplication of efforts. The discovery process, which accounts for a significant portion of the attorney time expended in this case, was essential to its successful litigation and settlement. Among other things, information obtained during the document review process was utilized in depositions and informed the preparation and success of the settlement of this case.

18. Class Counsel also fully briefed and filed oppositions to Defendants' Motion for Summary Judgment in the majority of these individual cases, which remained pending at the time the Parties reached the proposed Settlement.

19. Class Counsel prepared the first draft of the Settlement Agreement, and the Parties then negotiated the precise terms and language of the Agreement. Following further intensive negotiation and the exchange of numerous draft agreements between the Parties, Class Counsel ultimately was able to

reach a Settlement Agreement that provides significant monetary compensation, while avoiding the risks and delay of further litigation. The Parties selected Erich Vieth, a successful private attorney with class action experience, as a third-party administrator, and counsel has been actively involved in supervising and managing all aspects of Vieth's administration of the notice program. This decision also was an effective way to ensure the most money is available to the Class.

## THE TIME AND EXPENSE EXPENDED BY PLAINTIFFS' COUNSEL

Numerous issues and defenses made liability (and consequent payment) in this matter uncertain. The case has been prosecuted entirely on a contingent basis, entailing substantial risk that the litigation would yield little or no recovery or compensation. The only certainty in this matter from the outset was that there would be no fee without a successful result, and that such result would be realized only after a lengthy and difficult effort.

20.     During the past five years, Plaintiffs' Counsel have advanced significant time and expense on behalf of the Plaintiffs and the Class.  In doing so, Plaintiffs' Counsel have long borne the risk of an unfavorable result.  Plaintiffs' Counsel have not been paid for their extensive efforts, nor have they been reimbursed for costs incurred.  The efforts required in this matter also necessitated that both firms comprising Plaintiffs' Counsel, forego other opportunities in order to fulfill their responsibilities in this matter. Plaintiffs' Counsel now seek an award of attorneys' fees.

21.     Plaintiffs' Counsel seek a fee award of $1,638,000.00. This amount represents one third of the total $4,914,000 value of the Settlement Fund, and was the amount set forth in the Notice.

22.     I believe that this fee is reasonable in relation to the substantial results achieved for the Settlement Class Members and the efforts of counsel. Further, such an award is supported by the benchmarks for fee awards, costs and expenses in this District and the Eighth Circuit.

23. Throughout the mediation and negotiation efforts, and in advising our clients of the proposed settlement, my firm and I have at all times considered the fairness, reasonableness and adequacy of the settlement for the Class, taking into account: the strength of Plaintiffs' case; the risk, expense, complexity, and likely duration of proceeding to trial; the amount offered in settlement; and the experience and views of Plaintiffs' Counsel. Against the backdrop of counsel's collective experience in prosecuting complex class actions, we have considered the claims set forth in the Complaint and our continued confidence in the merit of those claims, the scope of relief offered in the settlement compared to the potential relief at the conclusion of litigation, and the risks and costs of continued litigation. Taking these factors into account, it is my opinion that the proposed settlement is fair, reasonable and adequate, well within the range of possible approval, and therefore deserving of the Court's Final Approval.

24. The two firms comprising Plaintiffs' Counsel have diligently investigated and prosecuted this matter, dedicating substantial time, effort, resources, and expertise to the investigation of the claims at issue in the action, and have successfully negotiated the settlement of this matter to the benefit of the Classes.

25. Throughout the litigation, I have had regular communications with all members of Plaintiffs' Counsel regarding their expenditure of time and expense to ensure that each firm was able to contribute constructively, and that there was no unnecessary duplication of efforts.

26. As detailed in the accompanying Memorandum in Support of Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards, fee awards of up to 33% are regularly approved in the Eighth Circuit.

27. The total of expenses incurred, for which reimbursement is sought, is $201,910.37

Costs advanced by Plaintiffs' Counsel for the benefit of the Class, by category, were as follows:

| | |
|---|---|
| Deposition/Transcripts | $109,090.83 |
| Discovery Storage | $7,262.66 |
| Expert Witness | $98,000.03 |
| Filing Fee | $400.00 |
| Mediation | $16,185.85 |
| Service of Suit | $2,790.96 |
| Shipping | $60.43 |
| Credits[1] | $ (31,880.39) |
| **TOTAL** | **$ 201,910.37** |

Plaintiffs' Counsel has maintained detailed records of these expenses which were necessary to advancement of the case, and can make them available to the Court for *in camera* review if requested.

28.     Plaintiffs' success in this action was by no means assured. Defendant was represented by able counsel, who raised numerous affirmative defenses. Were this settlement not achieved, and even if Plaintiffs prevailed at trial, Plaintiffs faced potentially years of costly and risky appellate litigation against Defendant, the ultimate success of which is far from certain. These risks support the concept of percentage recoveries.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  February 20, 2023                    /s/ James Wyrsch

---

[1]     These credits are costs that have already been reimbursed in the settlement of individual cases prior to the settlement of this matter and refunds given by the mediation service for unused hours.