## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

ALICIA STREET, RONALD HARRIS,    )
FUDAIL MCCAIN, ASHLEY THEIS, and  )
NICOLE WARRINGTON, on behalf of   )
Themselves and a class of similarly    )
situated persons,           )
                 )  Cause No. 4:19-cv-02590
   Plaintiffs,        )
                 )  Jury Trial Demanded
   v.             )
                 )
LT. COL. LAWRENCE O'TOOLE, et.al.,  )
                 )
   Defendants.       )

## MEMORANDUM IN SUPPORT OF CONSENT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs, by and through Class Counsel, respectfully submit this Memorandum of Law in Support of their Motion for Final Approval of Class Action Settlement.

## I. BACKGROUND OF LITIGATION AND SETTLEMENT

In this putative class action, Plaintiffs Alicia Street, Ronald Harris, Fudail McCain, Ashley Theis, and Nicole Warrington ("Plaintiffs" or "Class Representatives") alleged that Defendants arrested them in violation of their constitutional rights on September 17, 2017, and used excessive force during the arrests. Plaintiffs sought damages for themselves and all other similarly situated citizens for being arrested on September 17, 2017. The Defendants denied the allegations and vigorously defended the case. Along with this class action, there were roughly one dozen individual cases relating to the events. This led to extensive discovery and litigation, resulting in a litigation landscape that made settlement discussions possible.

The parties engaged, for a period of months, in settlement discussions and negotiations. The work bore fruit, resulting in a settlement. The parties negotiated an agreement that delivers immediate relief to Class Members commensurate with their alleged injury, avoids future delay, saves district and appellate court resources, saves all parties expense, and provides certainty to the settling Defendants.

The Class Action Settlement Agreement (the "Settlement") created a $4,914,000 settlement fund, which will be used to pay all Class Members, notice and administration expenses, Court-approved incentive awards to Plaintiffs, and attorneys' fees and costs to proposed Class Counsel.

Settlement Class Members—84 in all—were not required to submit a claim form to receive their settlement payment; they only were required to submit an injury claim form if they believed that they qualified for a particular injury category which would award additional damages. This process dramatically reduced barriers to claiming meaningful relief.  As a result, this settlement meets the Constitutional, precedential, and statutory requirements regarding damages that are appropriate for each Class Member and are manageable administratively.

The settlement also ensured that the awards adjusted pro rata to the class injury categories that are claimed, ensuring maximum recovery to each Class Member while protecting each Class Member's interests.

The groups established, and the ranges of recovery, and the ranges of recovery for each after all costs, fees, honorariums, and administrative costs were identified in Plaintiffs' Motion for Preliminary Approval. ECF No. 104. In that Motion, these awards were stated in ranges because 1) the number of Class Members who will claim each class could not be known until notice was sent,  and 2) the attorneys' fees and other costs that will be deducted from the common fund are subject to Court approval. The goal of the ranges was to make sure each Class Member

could assess their best- and worst-case scenario and then intelligently decide to proceed in the case or to opt-out. Stating the final potential recovery in ranges, and making sure those ranges reflect take-home money, avoids upset or surprised Class Members. The groups were delineated as follows:

•       Group 1: Class Members who, as of December 6, 2022, did not file an individual lawsuit relating to the events of September 17, 2017, and who are not members of Groups 3 or 4.

•       Group 2: Class Members who, as of December 6, 2022, filed an individual lawsuit relating to the events of September 17, 2017.

•       Group 3: Class Members who, whether they filed an individual lawsuit or not, provided medical records showing treatment for physical injuries caused by the events of September 2017, that lasted more than three (3) months. These members had  to provide an affidavit upon request and must have be willing to be interviewed by Class Counsel. They must also have filed an Injury Claim Form.

•       Group 4: Class Members who, whether they filed an individual lawsuit or not, can document, by objective records, a permanent physical injury or physical disability caused by the events of September 17, 2017, that cannot be fully resolved by medical intervention and that has significantly diminished their future earning abilities. A party claiming in this group must have been willing to submit records and an affidavit and must be willing to be interviewed by Class Counsel. They must also have filed an Injury Claim Form.

## II.     FACTUAL BACKGROUND

Plaintiffs and Class Members are persons who allege they were illegally seized and subjected to violence without probable cause and in contravention of the U.S. Constitution and Missouri law when they were arrested on September 17, 2017. On that date at approximately

11:30 pm, Defendants surrounded all persons located at the intersection of Washington Avenue and Tucker Boulevard and effectuated a mass arrest. Plaintiffs and Class Members allege that Defendants did not have probable cause to arrest them, and that Defendants violated their constitutional rights during the arrest. Defendants deny these allegations.

### III. PROCEDURAL BACKGROUNd

Plaintiffs filed their Complaint on September 17, 2019 (ECF No. 1), and their First Amended Complaint on January 15, 2020. ECF No. 13. On March 17, 2020, Defendants filed four motions to dismiss Plaintiffs' Complaint. ECF Nos. 19-28. On May 13, 2020, Plaintiffs filed their opposition memoranda to Defendants' motions to dismiss. ECF Nos. 33-39. On May 26, 2020, Defendants filed their reply memoranda of law in support of their motions to dismiss. ECF Nos. 40-43. On February 22, 2021, the Court granted in part and denied in part Defendants' motions. ECF No. 66.

On March 3, 2021, Defendants filed a notice of appeal. ECF No. 67. On July 27, 2022, the Eighth Circuit issued its opinion. ECF No. 80. On October 14, 2022, Plaintiffs filed their Third Amended Complaint. ECF No. 88. On November 7, 2022, Defendants filed two motions to dismiss. ECF No. 91-94. Before the motions were fully briefed, the parties entered into this settlement.

As a result, on January 26, 2023, Plaintiffs filed a Motion for Preliminary Approval of Class Action Settlement (ECF No. 104) and a supporting Memorandum ECF No. 105.  Along with the Memorandum, Plaintiffs submitted proposed Class Notice documents ECF No. 104, Ex. 1-3.

On February 6, 2023, after considering the Memorandum, the Settlement Agreement, and the Class Notice documents, the Court found that the proposed additional Settlement Class met the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure and

certified it for settlement purposes only.  ECF No. 106.  The Court preliminarily approved the Settlement as fair, reasonable, and adequate, approved the Notice Program, and scheduled a final approval hearing for June 13, 2023.  *Id*.

Pursuant to the Court's Order, Notice was provided by the Class Administrator as directed in the Preliminary Approval Order.  Ex 1, Affidavit of Erich Vieth, Class Administrator ("Vieth Affidavit").  Specifically, on February 15, 2023, each notice was sent individually using United States trackable Priority Mail. *Id*., p. 9.  In the weeks following the initial mailings, some of these envelopes were returned (and/or indicated by email from USPS) as undeliverable. *Id*. Class Counsel provided updated addresses for most of the returned envelopes, then duplicate packets were promptly sent to the new addresses. *Id*. In total, 97 of these Priority Mail packets were sent to potential class members, including initial mailings and re-mailings. *Id*.

The Publication Notice was effectuated with the weekly newspaper The St. Louis American on February 16, 2023, February 23, 2023, and March 2, 2023, in both the print and electronic versions. *Id*. at 7-8.

Finally, the On February 13, 2023, a dedicated, informational website was activated, allowing Settlement Class Members to obtain additional information about the settlement and to access documents related to the settlement, including:

• Notice of Settlement

• Order of Preliminary Approval

• Settlement Agreement

• Contact Information of Administrator

• Injury Claim Forms

Notices were downloaded by members of the Settlement Class via the Settlement Website. *Id.*, pp. 2-5.

On February 20, 2023, Plaintiffs filed a Motion for Award of Attorneys' Fees, Costs, and Service Awards, seeking an Order awarding attorneys' fees in the amount of $1,638,000 and reimbursement of costs in the amount of $201,910.37.  See ECF Nos. 107 & 108.

As of the deadline to object or opt out of the Settlement, there were no objections and no valid exclusion requests. See Vieth Exhibit, pp. 10-11. As described more fully *infra*, this speaks volumes to the strength of the proposed settlement.

## IV. SUMMARY OF THE PROPOSED SETTLEMENT

### A. The Class

The Settlement resolves the claims of four groups within the certified Class, as defined in Plaintiffs' Proposed Class Notice:

• **Group 1:** Class Members who, as of December 6, 2022, did not file an individual lawsuit relating to the events of September 17, 2017, and who are not members of Groups 3 or 4.  Parties in this group were told in the Notice documents that they were expected to receive between $22,900.00 and $43,750.00 before reduction due to all associated fees, costs, administrative expenses, and honorariums approved by the court. There are 64 members of this Group.

• **Group 2:** Class Members who, as of December 6, 2022, filed an individual lawsuit relating to the events of September 17, 2017. Parties in this group were told in the Notice documents that they were expected to receive approximately $68,500.00 before reduction due to all associated fees, costs, administrative expenses, and honorariums approved by the court.  There are 14 members in this Group.

• **Group 3:** Class Members who, whether they filed an individual lawsuit or not, provided medical records showing treatment for physical injuries caused by the events of September 2017, that lasted more than three (3) months. These members have provided an explanation of their injuries and have provided proof of medical treatment related to the injury. They have also filed an Injury Claim Form. Parties in this group were told in the Notice documents that their recovery amounts would vary depending on the evidence they presented in their Injury Claim Forms. There are 4 members in this Group.

• **Group 4:** Class Members who, whether they filed an individual lawsuit or not, can document, by objective records, a permanent physical injury or physical disability caused by the events of September 17, 2017, that cannot be fully resolved by medical intervention and that has significantly diminished their future earning abilities. Parties in this group were told in the Notice documents that their recovery amounts would vary depending on the evidence they presented in their Injury Claim Forms and supporting documents. These members have provided an explanation of their injuries and have provided proof of medical treatment related to the injury. They have also filed an Injury Claim Form. There are 2 members in this Group.

**B. Benefits to the Classes**

**i. Monetary Benefits**

The Settlement Agreement provides monetary benefits in the form of a reversionary Settlement Fund of $4,914,000.   All payments to Settlement Class Members, Settlement Administration Costs, and attorneys' fees and costs awarded to Class Counsel shall be paid from the Settlement Fund. ECF No. 105-1 ¶ 4.27.

Since no one opted out of the settlement, each member of the Class will receive a monetary payment. Subject to the approval of the Court, payments to Settlement Class Members will be made as follows:

The Group 1 Gross Settlement Fund totals $2,980,643.68.  After proportional deductions for (a) the Court-approved attorneys' fees and costs awarded to Class Counsel; (b) any Settlement Administration Costs; and (c) any reduction based on valuations to qualifying class members in Groups 3 and 4, the Group 1 Net Settlement Fund totals $1,815,666.56.[1] These funds shall be distributed equally to the 64 members of Group 1. This results in a Group 1 Net Payment of $28,369.79 per person, nearly $2,500 more than the highest take-home estimate of $26,000 provided to Class Members in Notice documents. See ECF No. 104-3.

The Group 2 Gross Settlement Fund totals $959,250.18. After proportional deductions for (a) the Court-approved attorneys' fees and costs awarded to Class Counsel and (b) any Settlement Administration Costs, the Group 2 Net Settlement Fund totals $602,000.00 members of the Group 2 Class. There are 14 members of Group 2. This results in a Group 2 Member Payment of $43,000, the exact amount stated in Notice documents. See ECF No. 104-3.

The Group 3 Gross Settlement Fund totals $336,071.48. After proportional deductions for (a) the Court-approved attorneys' fees and costs awarded to Class Counsel; and (b) any Settlement Administration Costs, the Group 3 Net Settlement Fund totals $213,333.32. Because of the varied nature of injuries proven by members of Group 3, the net compensation for each of the four members of Group 3 varied, with a net take-home range between $43,333.33 and $66,666.67, and a median payment of $53,333.33.

---

[1] Due to rounding issues, Class Counsel estimates that no more than $2.00 may be undistributed to the Class Members and, as such, will revert back to Defendant City of St. Louis along with any other unclaimed funds pursuant to the Settlement Agreement. ECF No. 105-1 at p. 10.

The Group 4 Gross Settlement Fund totals $638,035.74. After proportional deductions for (a) the Court-approved attorneys' fees and costs awarded to Class Counsel; and (b) any Settlement Administration Costs, the Group 4 Net Settlement Fund totals $420,000.00. Because of the varied nature of injuries proven by this class, each of the two Group 4 Member's amount varied, with a range between $120,000.00 and $300,00.00 for the two members of Group 4.

### C. Class Member Releases

In exchange for the benefits conferred by the Settlement, all Class Members will be deemed to have released the Released Parties from "any and all claims or causes of

action asserted in the Lawsuit by or on behalf of any and all Class Members (and their heirs, legal representatives, administrators, successors, assigns, trustees, agents, and attorneys) including, but not limited to, any and all claims, causes of action, liabilities, demands, and causes of action, fixed or contingent, that were, could have been, or should have been asserted by the Plaintiffs or any member of the Class against the Released Parties based upon their arrest on September 17, 2017, near Tucker Boulevard and Washington Avenue, in the City of St. Louis." ECF No. 105. The release is appropriately tailored, in that it covers claims arising from the identical factual predicate to the claims asserted in the operative Complaint.

### D. Other Agreements from Defendants

In addition to the above terms for compensation of Settlement Class members, Defendants have agreed for the following payments to be issued from the Settlement Fund if the settlement receives final approval:

#### i. Costs of Settlement Administration

The cost of settlement administration was $20,000.00.  Vieth Affidavit, Exhibit 1, Affidavit of Settlement Administrator, attached hereto. This amount shall be deducted from the total Settlement Fund. See ECF Nos. 104 & 105.

A detailed breakdown of these costs are as follows:

- Public notice in St. Louis American: $3,370

- Postage for Mailed notice—Priority Mail: $936.05

- Printing costs: $436.00

- 1-800 number: $288.27

- Website hosting: $27.99

- Banking Costs (check blanks) $86.70

- **Total** out-of-pocket costs to date: **$5,495.01.** See Ex. 1 at 11.

As noted in the Class Administrator's Affidavit, additional costs for disbursement of final payments will be borne by the Claims Administrator.  *Id.*

### ii. Attorneys' Fees and Costs

Defendant has not opposed Class Counsel's Motion for an Award of Attorneys' Fees and Costs of up to 33.33% to be paid from the Settlement Fund.  Class Counsel filed their Motion for Fees and Costs on February 20, 2023 (ECF Nos. 107 & 108) seeking an award for attorneys' fees in the amount of $1,638,000.00 (33.33% of the Settlement Fund) and reimbursement of costs in the amount of $201,910.37. Within the next week, Class Counsel plans to provide a supplement to their Motion for Award of Attorney's Fees and Costs which will detail minimal further expenditures by Class Counsel for which they seek reimbursement.

### iii. Service Awards for Class Representatives

Because Class Representatives are members of Group 2, no additional compensation is necessary.

## V.    NOTICE

A class action settlement like the one proposed here must be approved by the Court to be effective. See Fed. R. Civ. P. 23(e). The court approval process has three principal steps:

- A preliminary approval hearing, at which the Court considers whether the proposed settlement is within the range of reasonableness and possibly meriting final approval;

- A notice period, during which time Class Members are notified of the proposed settlement and given an opportunity to express any objections; and

- A "formal fairness hearing," or final approval hearing, at which the Court decides whether the proposed settlement should be approved as fair, adequate, and reasonable to the Class. See Manual for Complex Litig. (Fourth) §§ 21.632-34 (2004).

Here, the first two steps have been completed. The Court granted the motion for preliminary approval of the proposed settlement on February 6, 2023, (ECF No. 106), and notice was disseminated to members of all Settlement Classes.

### A.    Notice Provided to the Settlement Classes

In preliminarily approving the Settlement, the Court also approved the plan to provide notice to Class Members as described in the Settlement Agreement.  ECF No. 106.  The Notice program in this Settlement was designed to be the best notice practicable and was tailored to utilize all information about the Class Members known to the Parties.  *Id.*

As provided by the Settlement Agreement, the Notice program was executed by attorney Erich Vieth, who mailed each Class Member a tracked, priority mail notice, with information

regarding the case, how to opt out, object, or remain in the classes, how to update class member addresses, and the date and time of the Final Approval Hearing. See Ex. 1, p. 9.

Records related to the Settlement Classes were ascertained based on data provided by Defendant to acquire the name and address of each Class Member. When mailings were returned undeliverable, Class Counsel provided updated information that they were able to identify via public records and a tracked, priority mailing was then sent to that new address. Id.

The more detailed Long Form Notice and important case documents such as the Settlement Agreement and Complaint were also posted on the internet at www. stl-arrestsclassaction.com. Id. at 2-6.

Notice was also made available through publications in the St. Louis American in the February 16, February 23, and March 2 editions. Id. at 7-8. ¶

Finally, Defendant has ensured certain notice of the class action settlement pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453, and 1711-1715 was delivered to the Attorney General of the United States and to the appropriate state official in all states in which Class Members currently reside ("CAFA Notice Packets"). Counsel for Defendant has confirmed that all needed CAFA notice was sent by March 9, 2023, which will provide more than 90 days before the Final Approval Hearing.

**B.**    **There Were Zero Opt-Outs and Zero Objections to the Class Settlement**

The Settlement Administrator received no valid requests to opt out of the Settlement Classes, and no objections to the Settlement Agreement.  Ex. 1, at 10.

**VI.**   **ARGUMENT**

**A. The Court Should Grant Final Approval of the Proposed Class Settlement**

Under Federal Rule of Civil Procedure 23(e), which was amended in 2018 to delineate the relevant factors, in deciding whether to approve a class action settlement, the Court should consider whether:

- the class representative and class counsel have adequately represented the class;

- the proposal was negotiated at arm's length;

- the relief provided for the class is adequate, taking into account:

- the costs, risks, and delay of trial and appeal;

- the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

- the terms of any proposed award of attorney's fees, including timing of payment; and

- any agreement required to be identified under Rule 23(e)(3); and

- the proposal treats class members equitably relative to each other.  Fed. R. Civ. P. 23(e)(2).

Other factors courts consider are "defendant's financial condition," *Risch v. Natoli Eng'g Co., LLC*, 2012 WL 3242099, at *2 (E.D. Mo. Aug. 7, 2012) (quoting *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 932-33 (8th Cir. 2005)), "the existence of fraud or collusion behind the settlement," "the stage of the proceedings and the amount of discovery completed," and "the opinions of the class counsel, class representatives, and absent class members," *Albright v. Bi-State Dev. Agency of Missouri-Illinois Metro. Dist.*, No. 4:11CV01691 AGF, 2013 WL 4855308, at *3 (E.D. Mo. Sept. 11, 2013) "The single most important factor in determining whether a settlement is fair, reasonable, and adequate is a balancing of the strength of the plaintiff's case against the terms of the settlement." *Marshall v. Nat'l Football League*, 787 F.3d 502, 508 (8th Cir. 2015) (quoting *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988)).

The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding the time, cost, and rigor of prolonged litigation.  See *Little Rock School Dist. v. Pulaski Cnty. Special School Dist*. No. 1, 921 F.2d 1371, 1383 (8th Cir. 1990) ("The law strongly favors settlements. Courts should hospitably receive them . . . As a practical matter, a remedy that everyone agrees to is a lot more likely to succeed than one to which the defendants must be dragged kicking and screaming.").   Settlement agreements conserve judicial time and limit expensive litigation.  See 4 Alba Conte & Herbert Newberg, Newberg on Class Actions § 11:41, at 87 (4th Ed. 2002) (hereafter "Newberg on Class Actions") ("The compromise of complex litigation is encouraged by the courts and favored by public policy.").

### i. The Settlement is Fair and Without Objection

The Settlement Agreement is the product of arms' length negotiations between the Parties spanning several weeks, culminating in a signed Settlement Agreement.

The Classes were adequately represented by Class Representatives and experienced Class Counsel, who are well-informed about the merits and risks of the case and who litigated zealously on behalf of the Classes. See Fed. R. Civ. P. 23(e)(2)(A). As the Court determined in its Preliminary Approval Order, this settlement is "subject to the Final Approval Hearing… fair, reasonable, and adequate, within the range of possible approval, and in the best interests of the Settlement Class."  ECF No. 106, pp. 2.  Between the time of the Court's Order and present, there have been no objections by the Parties or Class Members.

There is no question that discovery in this case is "to a point at which an informed assessment of its merits and the probable future course of the litigation can be made." *E.E.O.C. v. McDonnell Douglas Corp*., 894 F. Supp. 1329, 1334 (E.D. Mo. 1995). The Parties completed

discovery, including the depositions of dozens of witnesses, the review and analysis of thousands of pages of documents, dozens of hours of video, and the production of expert reports. The Parties fully briefed Defendants' motion to dismiss as well as the appeal.

The terms of the proposed award of attorneys' fees and costs are also fair and demonstrate that the Settlement is the product of arms' length negotiation. These terms were negotiated only after the Parties reached agreement on all other material terms of the Settlement.  Class Counsel filed a separate motion seeking approval of an award of attorneys' fees not to exceed 33.33% of the Settlement Fund and reasonable litigation costs. Settlement Class Members had an opportunity to object to these requests and no Settlement Class Member has objected to them.

### ii. The Strength of Plaintiffs' Case and Relief Afforded Favor Settlement

As the Eighth Circuit has explained, "[t]he single most important factor in determining whether a settlement is fair, reasonable, and adequate is a balancing of the strength of the plaintiff's case against the terms of the settlement." *Marshall*, 787 F.3d at 508 (quoting Van Horn, 840 F.2d at 607); see also Fed. R. Civ. P. 23(e)(2)(C). The Settlement here provides for substantial monetary relief of $4,914,000 to the Rule 23(b)(3) classes. This amounts to a sizeable recovery in a constitutional class action.

Plaintiffs here had a strong factual basis for their claims that the Defendants' arrest and detention of Class Members the Plaintiffs' and Class Members' constitutional rights. However meritorious, though, these claims would require significant time and resources to be expended by both parties before and at trial to argue the case before a jury. Further, questions of Defendants' culpability for this conduct would likely be resolved by a jury as an issue of fact, which would carry a significant degree of uncertainty.  Moreover, significant legal issues exist about whether Defendants would be liable for Plaintiffs' constitutional claims which would involve

determinations by this Court and potentially further appeals of those determinations to the United States Court of Appeals for the Eighth Circuit.

This settlement provides fair and substantial relief to class members in light of the significant factual issues that would have to be decided by a jury, legal issues to be decided by this Court, and potential further appeals to the Eighth Circuit.

### iii. The Allocation of the Settlement is Fair and Reasonable

The allocation of the Settlement—both among the Classes, and between Settlement Class Members—is fair and reasonable, and treats "class members equitably relative to each other." See Fed. R. Civ. P. 23(e)(2)(D). The Settlement Agreement allocates the $4,914,000 of funds with Settlement Fund as follows: $2,980,643.68 to the Group 1 Class, $959,250.18 to the Group 2 Class, $336,071.48 to the Group 3 Class, and $638,035.74 to the Group 4 Class. For all 84 Class Members, the average gross payment was $58,500 and the average net payment after attorney's fees and costs was $36,321.43

The total settlement amount was reached by negotiation of the parties in consideration of settlements reached and judgments awarded in analogous cases, the costs, and risks attendant to continued litigation, and the available funds and insurance coverage of the Defendant. These figures fall well above the range of settlement and judgment amounts in analogous cases. *See, e.g., Schultz, et al v. District of Columbia,* Settlement Agreement, (No. 1:18-cv-00120) (D.D.C. Jan 19, 2018) (Doc. 46-1) (2020 Class action settlement of mass arrest awarding a maximum of $5,000 per arrest). *See also* Maria Cramer, *New York Will Pay Millions to Protestors Violently Corralled by Police*, N.Y. Times, March 1, 2023, available at https://www.nytimes.com/2023/03/01/nyregion/nypd-kettling-blm-protests-settlement.html (detailing settlement payments of $21,500 per protestor for 2020 mass arrests and uses of force).

Moreover, it is fair and substantial relief given the significant challenges and risks associated with pursuing such claims individually.

Finally, the fact that no Class Member has lodged an objection to the settlement is strong evidence that the settlement is fair, reasonable, and adequate.  See, e.g., *Jones v. Casey's General Stores, Inc.,* 266 F.R.D. 222, 230 (S.D. Iowa 2009).

Ultimately, it is possible, although unlikely, that Class Members could recover a higher amount if they continued litigating the matter; however, weighing the risk of no recovery at all if this action were to be litigated for several more years against the substantial and immediate recoveries that the class stands to obtain, there is no question that the settlement is more than fair in relation to the strength of Plaintiffs' case.  "The essence of settlement is compromise."  *EEOC v. Hiram Walker & Sons, Inc*., 768 F.2d 884, 889 (7th Cir. 1985).  See *Grunin v. Int'l House of Pancakes,* 513 F.2d 114, 125 (8th Cir. 1975). Because settlement requires compromise, "the parties to a settlement will not be heard to complain that the relief afforded is substantially less than what they would have received from a successful resolution after trial."  *Id*.

**C. The Notice to Putative Class Members was Appropriate**

Under Rule 23(e), the Court must direct notice in a reasonable manner to class members who would be bound by the proposed class settlement. "Notice of a settlement proposal need only be as directed by the district court . . . and reasonable enough to satisfy due process." *DeBoer,* 64 F.3d at 1176. The notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *In re Wireless Tel. Fed. Cost Recovery Fees Litig*., No. MDL 1559 4:03-MD-015, 2004 WL 3671053, at *8 (W.D. Mo. Apr. 20, 2004). "There is no one 'right way' to provide notice as contemplated under Rule 23(e)." Id. In this case, after careful discussion and consideration,

the Parties agreed on the content and methods of notice, submitted said content and methods to this Court, and the Court approved the type of notice in its Order.  ECF No. 106.

### i.      The Parties Complied with the Court's Order for Proper Notice

As provided by the Settlement Agreement, the Notice program was executed by attorney Erich Vieth, who mailed each Class Member a tracked, priority mail notice, with information regarding the case, how to opt out, object, or remain in the classes, how to update class member addresses, and the date and time of the Final Approval Hearing.  Records    related    to    the Settlement Classes were ascertained based on data provided by Defendant to acquire the name and address of each Class Member. When mailings were returned undeliverable, Class Counsel provided updated information and a tracked, prior mailing was then sent to that new address. See Ex. 1, p. 9.

The more detailed Long Form Notice and important case documents such as the Settlement Agreement and Complaint were also posted on the internet at www. stl-arrestsclassaction.com. Id., p. 3-8.

Class Counsel believe the Notice set forth in the Settlement Agreement, as further ordered by the Court, represented the best practicable notice in the context of the claims in dispute.  As for the content of the Notice, Rule 23(c)(2)(B) provides:  The notice [to a Rule 23(b)(3) class] must concisely and clearly state in plain, easily understood language: the nature of the action, the definition of the class certified, the class claims, issues or defenses, that a class member may enter an appearance through counsel if the class member so desires, that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded, and the binding effect of a class judgment on class members under Rule 23(c)(3).

The Notice described the nature, history and status of the litigation; set forth the definition of the Settlement Classes; stated the class claims and issues; disclosed the right of Settlement Class members to seek exclusion from the Settlement Classes or to object to the proposed settlement, as well as the deadlines for doing so, and warned of the binding effect of the settlement approval proceedings on people who remain in the Settlement Class.  ECF No. 104, Ex. 1-3.  In addition, the Notice described the terms of the proposed settlement and provided contact information for Class Counsel.  *Id*.  The Notice also disclosed the time and place of the Final Approval Hearing and the procedures for commenting on the settlement and/or appearing at the hearing.  *Id*.  The contents of the Notice therefore satisfied all applicable requirements, and the Settlement Class members were provided with adequate notice of the Settlement and its terms. The opt-out and objection period, pursuant to the Notice mailed to all potential Class Members, ended on March 20, 2023.

**D. The Attorneys' Fees, Costs, and Service Awards Requested Pursuant to the Settlement Agreement are Fair and Reasonable**

This Court has the discretion to approve attorneys' fees included in the Settlement Agreement. See, e.g., *Petrovic*, 200 F.3d at 1157; Fed. R. Civ. P. 23(h).

Here, Plaintiffs requested attorneys' fees, which will be paid from the Settlement Fund, are 33.33% of the total money available to Settlement Class Members. The request of one-third of the gross settlement amount here is reasonable and well within the range typically approved by courts in this Circuit. See, e.g., *Huyer v. Buckley*, 849 F.3d 395, 399 (8th Cir. 2017) ("Indeed, courts have frequently awarded attorneys' fees ranging up to 36% in class actions."); *Cromeans v. Morgan, Keegan & Co., Inc*., 2:12-CV-04269-NKL, 2015 WL 5785576, at *3 (W.D. Mo. Sept. 16, 2015), report and recommendation adopted, 2:12-CV-04269NKL, 2015 WL 5785508 (W.D. Mo. Oct. 2, 2015) (33.3% of fund reasonable); *West v. PSS World Med., Inc*., No. 4:13 CV 574

CDP, 2014 WL 1648741, at *1 (E.D. Mo. Apr. 24, 2014) (same); *Barfield v. Sho-Me Power Elec. Co-op*., 2013 WL 3872181, at *4 (W.D. Mo. July 25, 2013) (same); *Sanderson v. Unilever Supply Chain, Inc.,* 10-CV-00775-FJG, 2011 WL 6369395, at *2-3 (W.D. Mo. Dec. 19, 2011) (approving attorneys' fee award of 33.78% of settlement fund); *Wiles v. Sw. Bill Tel. Co.*, No. 09-4236-CV-C-NKL, 2011 WL 2416291, at *4-5 (W.D. Mo. June 9, 2011) (33% of fund reasonable).  See also *In re Employee Ben. Plans Sec. Litig.,* 1993 WL 330595, at *7 (D. Minn. June 2, 1993) (approving an award of 33 1/3 percent of the common fund).

Class Counsel also seeks an award of costs to reimburse them for reasonable and necessary expenses advanced to prosecute this litigation in the amount of $201,910.37. "Reasonable costs and expenses incurred by an attorney who creates or preserves a common fund are reimbursed proportionately by those class members who benefit by the settlement." *Yarrington v. Solvay Pharms., Inc.*, 697 F. Supp. 2d 1057, 1067 (D. Minn. 2010) (quotations omitted). The requested costs must be relevant to the litigation and reasonable in amount. *Id.* The appropriate analysis to apply in deciding which expenses are compensable in a common fund case of this type is whether the costs are the type typically billed by attorneys to paying clients in the marketplace. See *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (allowing recovery of "out-of-pocket expenses that 'would normally be charged to a fee-paying client'").

No Settlement Class member has objected to the requested attorneys' fees, costs, or Service Awards.  For the reasons set forth more fully in the Motion for an Award of Attorneys' Fees and Costs, ECF Nos. 107 & 108, incorporated by this reference as if fully set forth herein, the Court should approve the requested amounts.

As a result, the proposed attorneys' fees in the Settlement Agreement are fair.  This case is complex and involves questions of constitutional law and interpretation as well as issues of

sovereign immunity and municipal liability. Class Counsel worked diligently on the case and moved it towards settlement as quickly as practicable. This was a result of aggressive, persistent litigation. Further, the benefits to the Settlement Classes are significant. As noted above, there have been no objections by Class Members for the proposed amount of fees and costs Class Counsel seek to recover.  For these reasons, the fees and costs are fair.

## V.     CONCLUSION

For all of the foregoing reasons, the Parties respectfully request that the Court (1) grant final approval of the proposed class action Settlement; (2) affirm its appointment of Class Counsel; (3) affirm its appointment of the Class Representatives, who have adequately represented all Settlement Classes); (4) grant Class Counsel's Motion for an award of attorneys' fees and costs, as set forth above and in their related Motion (ECF No. 107 & 108); and (5) enter Final Judgment consistent with these findings.  Plaintiffs have submitted a proposed Final Approval Order and Judgment consistent with these requests for relief.

Dated: May 25, 2023                      Respectfully submitted,

*/s/ John Waldron*
**KHAZAELI WYRSCH LLC**
Javad M. Khazaeli, 53735MO
James R. Wyrsch, 53197MO
John M. Waldron, 70401MO
911 Washington Avenue, Suite 211
St. Louis, MO 63101
(314) 288-0777
(314) 400-7701 (fax)
javad.khazaeli@kwlawstl.com
james.wyrsch@kwlawstl.com
jack.waldron@kwlawstl.com

**CAMPBELL LAW LLC**
Alicia Campbell, 59586MO
8112 Maryland Ave.
Suite 400
St. Louis, Missouri 63105

alicia@campbelllawllc.com

***Attorneys for Plaintiffs***