# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ALICIA STREET, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:19 CV 2590 CDP |
| ) | |
| LT. COL. LAWRENCE O'TOOLE, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER GRANTING
## FINAL APPROVAL OF CLASS ACTION SETTLEMENT

This matter is before the Court on Plaintiffs' Consent Motion for Final Approval of Class Action Settlement (ECF 111), the Memorandum in Support of the Motion and its Exhibits (ECF 112, 112-1), the proposed Settlement Agreement (ECF 105-1), Plaintiffs' Motion and Memorandum for an Award of Attorneys' Fees, Costs, and Service Awards (ECF 107, 108), and all other papers filed in this action.  The Court held a Final Approval Hearing on June 13, 2023, to consider the issues these motions present.  At that hearing, Class Counsel presented information about the implementation of the Settlement, which was entered into by the Parties on February 28, 2023.

On February 6, 2022, this Court preliminarily approved this Settlement. (ECF 106.)  At that time, this Court certified the Class for settlement purposes and

preliminarily appointed Plaintiffs Alicia Street, Ronald Harris, Fudail McCain, Ashley Theis, and Nicole Warrington as Representatives of the Class. The Court preliminarily appointed Khazaeli Wyrsch, LLC and Campbell Law, LLC as Class Counsel. The Court also approved the form and manner of the Notice Program and set a hearing date to consider final approval of the Settlement.

Based on the filings and record in this case and the arguments presented at the June 13, 2023, fairness hearing, the Court finds as follows:

The Settlement Class Representatives and the Defendants, through their counsel of record in the Litigation, have reached an agreement to settle all claims in the Litigation. All defined terms contained herein have the same meaning as set forth in the final Settlement Agreement executed by the Parties and filed with this Court as ECF 105-1 to the Plaintiffs' Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement. The Court recognizes that by entering into the Settlement Agreement, Defendants have not admitted any wrongdoing or liability on their part and deny the same. The Court recognizes that the Settlement Agreement between the Parties is a compromise of disputed claims.

All aspects of Class Notice were accomplished in accordance with the Court's Preliminary Approval Order. Notice was provided by individual mailings to all persons in the Settlement Class who could be reasonably identified. Notice was completed by Settlement Administrator Erich Vieth, a well-known, local

attorney with significant class action experience.  According to an affidavit provided by Mr. Vieth, direct notice was provided via tracked, priority mail to all of the 84 Class members.  (ECF 112-1.)  There were no timely opt-outs or objections to the Settlement.

Defendants have ensured that notice of the class action settlement pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453, and 1711-1715 was delivered to the Attorney General of the United States and to the appropriate states where each class member resides.  ("CAFA Notice Packets").  More than 90 days have elapsed since that notice.

The settlement of this action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class members, when considering "(1) the merits of the plaintiffs' case, weighed against the terms of the settlement, (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.,* 396 F.3d 922, 932 (8th Cir. 2005) (citing *Van Horn v. Trickey,* 840 F.2d 604, 606 (8th Cir. 1988)).  Though many of Plaintiffs' claims survived motions to dismiss, Plaintiffs would still have had to prevail at trial on complex claims involving constitutional law, sovereign immunity, qualified immunity, and municipal liability.  Further litigation of these claims would "place an enormous

burden of costs and expense upon the parties." *Marshall v. Nat'l Football League*, 787 F.3d 502, 512 (8th Cir. 2015).  Any judgment after trial would, of course, be subject to appeal, adding additional costs and uncertainty.

By contrast, the Settlement Agreement provides a significant, definite benefit to class members: the vast majority of class members will receive $28,369.79, those who filed suits challenging the Defendants' alleged conduct before December 6, 2022, will receive $43,000, and those with injuries caused by the events on September 17, 2017, will receive appropriate, additional compensation.  Although the settlement agreement allowed for payments of honorarium fees to the named class plaintiffs, they do not seek such awards because they are fully compensated by their payments as members of Group 2.  The absence of any opt-outs or objections strongly indicates that the payments to the class are reasonable.

Class Counsel have fairly and adequately protected the interests of the Settlement Class in achieving this result.  Class Counsel worked diligently on the case and moved it towards settlement as quickly as practicable.  This was a result of aggressive, persistent litigation over a period of approximately four years.  Attorneys' fees were negotiated at arm's length and approved by both Parties, including the Class Representatives.  Again, there have been no objections to these fees by any Class Members.

Based on the above, the Court finds that the requested attorneys' fees and costs are fair and reasonable and should be paid from the Settlement in accordance with the Settlement Agreement.  The Court finds Class Counsel should be awarded $1,638,000 to satisfy all attorneys' fees and $201,910.37 in litigation costs incurred in bringing this case, as set forth in Plaintiffs' Motion for an Award of Attorneys' Fees, Costs, and Service Awards.  (ECF 107, 108, and 108-1.)  This amount is reasonable given the nature of this case and the work of Class Counsel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motions for Final Approval of Class Action Settlement [111] and for an Award of Attorney's Fees and Costs [107] are **GRANTED** without objection.

**IT IS FURTHER ORDERED** that:

A. The Settlement Agreement is given final approval as fair, reasonable, and adequate for the settlement of the claims of the Class Members.

B. The Parties will comply with the terms of the Settlement Agreement with the terms of the Settlement being incorporated in this Order and accompanying Judgment.

C. All members of the Settlement Classes, their heirs, executors, administrators, successors, and assigns are bound by this Final Approval Order and Judgment. The four groups within the Settlement Classes are defined as:

1. Group 1: Class Members who, as of December 6, 2022, did not file an individual lawsuit relating to the events of September 17, 2017, and who are not members of Groups 3 or 4.

2. Group 2: Class Members who, as of December 6, 2022, filed an individual lawsuit relating to the events of September 17, 2017.

3. Group 3: Class Members who, whether they filed an individual lawsuit or not, provided medical records showing treatment for physical injuries caused by the events of September 2017, that lasted more than three (3) months.

4. Group 4: Class Members who, whether they filed an individual lawsuit or not, documented, by objective records, a permanent physical injury or physical disability caused by the events of September 17, 2017, that cannot be fully resolved by medical intervention and that has significantly diminished their future earning abilities.

D. Defendants and their former, current, and future employees, officers, agents, servants, assigns, supervisors, representatives, elected and appointed officials, municipal judges, prosecutors, and any and all other persons or entities associated in any way with the City of St. Louis (the "Defendants' Released Parties") are released from any and all claims, causes of action, liabilities, and demands, fixed or contingent, that were asserted by the Plaintiffs in this case as described in the Complaint in this action or that could have been, or should have been, asserted in the Complaint by the Plaintiffs or any member of the Settlement Class against the Defendants.

E. In the event that the Effective Date occurs, all Class Members will be deemed to have forever released and discharged the Released Claims as

described in the Settlement Agreement, ¶ 4.22. In the event that the Effective Date does not occur for any reason whatsoever, the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever.

F. Each and every Settlement Class Member is and shall be conclusively and forever bound by the Settlement Agreement. The Settlement Agreement shall be preclusive in all pending and future lawsuits or other proceedings. It shall be binding as to all the Released Claims.

G. Class Counsel and the Class Representatives adequately represented the best interests of the Class for purposes of negotiating, entering into, and implementing the Settlement.

H. Attorney fees of $1,638,000, costs of $201,910.37, and settlement administration costs of $20,000 are fair and reasonable and should be paid from the settlement pursuant to the terms of the Settlement Agreement.

I. The Court directs the Parties and their counsel to further implement and consummate this Settlement Agreement, the terms and provisions of which are incorporated by reference into this Order and accompanying Judgment. No later than fifteen (15) days after the Effective Date, Settlement Class Member Payments shall be made from the Net Settlement Fund. The Settlement Administrator shall issue the award of attorneys' fees and costs to

Class Counsel pursuant to the terms of the Settlement Agreement. Settlement Administration Costs shall also be paid to the Settlement Administrator pursuant to the terms of the Settlement Agreement.

J. If after thirty (30) days of mailing, a check remains uncashed and money remains in the Settlement Fund, the remainder of the money in the Settlement Fund shall revert to the City of St. Louis.

K. The Releases in the Settlement Agreement are incorporated into this Order and Judgment and shall become effective on the Effective Date of the Settlement.  Each and every Settlement Class Member hereby compromises, settles, and releases each and every one of the Released Claims against the Released Parties.

L. In the event that the Effective Date occurs, this action will be deemed resolved and shall be dismissed on the merits with prejudice and (except as provided in this Order or in the Settlement Agreement) without any additional costs and attorney fees to any party as against any other.

M. Class Counsel shall file a stipulation of dismissal with prejudice against all Defendants within seven (7) days of the City fully funding the Settlement Fund.

N. Without affecting the finality of this Order and Judgment for purposes of appeal, the Court retains jurisdiction as to all matters relating to the

administration, implementation, consummation, enforcement, and interpretation of this Settlement Agreement and this Order, and for any other necessary purpose.

O. This Order and Judgment adjudicates all of the claims, rights and liabilities of the Parties to the Settlement, and is intended to be final and immediately appealable.

A separate Final Judgment in accordance with this Memorandum and Order is entered on this date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 13th day of June, 2023.